(85 Tex. Cr. R. 399).

EMBERLINE v. STATE. (No. 5330.)

(Court of Criminal Appeals of Texas. June 4, 1919.)

1. CRIMINAL LAW ⟨Key⟩1098—APPEAL—STATEMENT OF FACTS—FORM.

A statement of facts, on appeal in a criminal case, consisting of questions and answers, is objectionable, and will be stricken.

2. ANIMALS ⟨Key⟩36—TICK ERADICATION PROSECUTIONS—COMPLAINT—FORM.

In prosecutions for violating the tick eradication statute, it is sufficient to substantially charge that the election was legal and held in a certain county to determine whether said county should prosecute the work of tick eradication, at which election the majority of legal votes were cast in favor thereof, and thereafter said law was put in effect as prescribed by statute, and thereafter on named date in said county and state a named person was the owner and caretaker of certain animals specified, and refused to dip such animals after being directed to do so by the live stock sanitary commission at the time and manner set out.

3. CRIMINAL LAW ⟨Key⟩400(3)—TICK ERADICATION STATUTE—SECONDARY EVIDENCE.

In a prosecution for violating the tick eradication statute, it was error to permit the county judge orally to testify as to the fact of the publication of the result of the election for taking up the work of tick eradication in the absence of a showing that such proof was necessary because of the loss or destruction of the certificate provided for by section 7 of the act (Vernon's Ann. Civ. St. Supp. 1918, art. 7314e).

4. CRIMINAL LAW ⟨Key⟩429(1), 430—EVIDENCE—TICK QUARANTINE — PROCLAMATION — CERTIFIED COPY.

In a prosecution for violating tick eradication statute, a supplemental proclamation of the Governor, declaring the county under tick quarantine, was not inadmissible as against the objection that it did not appear that the proclamation had been published in any newspaper, although it would have been inadmissible on objection that it was not a copy certified by the secretary of state, as prescribed by section 9 (Vernon's Ann. Civ. St. Supp. 1918, art. 7314g) of that statute.

5. CRIMINAL LAW ⟨Key⟩400(3)—SECONDARY EVIDENCE—TICK QUARANTINE ORDER.

In a prosecution for violating the tick eradication statute, evidence as to what the order by the live stock sanitary commission, directing the defendant to dip his cattle contained, was inadmissible; the order itself being the best evidence.

6. ANIMALS ⬩30—TICK QUARANTINE—CATTLE SUBJECT TO DIPPING ACT.

Cattle need not be actually infested with ticks in order to make them subject to the tick eradication statute and to the requirement of the live stock sanitary commission that they be dipped; the requirements applying to all cattle within the specified quarantine zone.

7. ANIMALS ⬩34—CRIMINAL LAW ⬩322—TICK QUARANTINE.

That free dipping vats have not been provided by the county does not excuse an owner of cattle from refusing to obey the tick eradication statute; the presumption being that the commission would refuse to order cattle dipped in any vat where exorbitant charges were attempted.

8. ANIMALS ⬩29—TICK QUARANTINE—VALIDITY OF STATUTE.

The tick eradication statute *held* not unreasonable as against certain grounds urged.

Appeal from Palo Pinto County Court; W. F. Smith, Judge.

J. R. Emberline was convicted of violating the tick eradication statute, and he appeals. Reversed and remanded.

S. D. Goswick, of Mineral Wells, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J. In this case appellant was convicted in the county court of Palo Pinto county, Tex., of a violation of the tick eradication statute (Acts 35th Leg. c. 60), and his punishment fixed at a fine of $25, and he appeals.

[1] The Assistant Attorney General moves to strike out the statement of facts prepared by the stenographer, because the same is not incorporated in the transcript, and also because the same consists of questions and answers. The last objection is unquestionably good, and said motion is sustained. However, there appears in the transcript what purports to be a statement of facts in narrative form, properly approved and filed, which we will consider.

[2] Appellant moves to quash the complaint and information for various reasons. While unnecessarily long and containing matters which are surplusage, we are of opinion that said pleading sufficiently charged a violation of the law. The act being recent and there being no form laid down, we take the liberty of suggesting that if it be substantially charged that the election was legal and held in a certain county to determine whether said county should take up and prosecute the work of tick eradication therein, at which election a majority of the legal votes cast were in favor thereof, and thereafter said law was put in effect in the manner and form prescribed by statute, and thereafter, to wit, on the ——— day of ——— 19—, in said county and state, one A. B. ——— was the owner and caretaker of certain domestic animals, to wit, ———, and did fail and refuse to dip said animals after being directed in writing so to do by the live stock sanitary commission of Texas, at a time and manner set out in said written direction, against the peace and dignity of the state; that this is substantially a sufficient allegation where the charge is a failure to dip, and same can be changed to meet any other form of violation of said statute.

[3] The county judge should not have been permitted to orally testify to the fact of the publication of the result of the election unless such character of proof was found to be necessary by reason of the loss or destruction of the certificate of such fact, provided for by section 7 of the act (Vernon's Ann. Civ. St. Supp. 1918, art. 7314e). Said section specially provides that such certificate shall be admissible in evidence in the courts.

[4] Appellant complains of the admission in evidence of what purported to be a supplemental proclamation of the Governor, declaring Palo Pinto county under tick quarantine. If the objection had been, because said document was not a copy certified by the secretary of state, as prescribed by section 9 of said act (article 7314g), same would have been good, but we observe from appellant's bill of exception thereto it was because it did not appear that said proclamation had been published in any newspaper, which objection was not tenable.

[5] No order, or copy of any order, issued by the live stock sanitary commission directing that appellant should dip his cattle at any time or manner, appears in the record. In the McGee Case, 81 Tex. Cr. R. 210, 194 S. W. 951, this court held it could not take judicial cognizance of such orders. Appellant objected to the testimony of Sheriff Abernathy as to what was in the order he had received from said commission, because the order was the best evidence and the objection should have been sustained, unless it was made to appear that the order was lost or destroyed.

[6] It was not necessary that the cattle of appellant should be actually infected with ticks in order to make them subject to the law and to the requirement of the commission that they be dipped. The requirements apply to all cattle within the specific quarantine zone.

[7] Nor do we think the appellant could refuse to obey the law because free dipping vats had not been provided by the county. Section 3 of the act, providing for treatment

at the expense of the county, applies only to certain forms of diseases therein named. The presumption will obtain until rebutted that the commission would refuse to order the cattle of any citizen dipped at any vat where an exorbitant charge was attempted. The law is intended for the betterment of the people, and not an instrument of oppression. No complaint was made of the small amount charged for dipping in the instant case.

[8] We cannot agree with appellant that the law is unreasonable because, as he puts it in his brief, it deprives "the old boney cow of the pleasure of rubbing off the ticks on his neighbor's 'fiancé,' and then, after being deprived of these privileges, the poor old hard-shell preacher was deprived of his milk and butter for several days after each dipping."

For the errors above mentioned, the judgment of the lower court is reversed, and the cause remanded.

---

(85 Tex. Cr. R. 402)

LOPEZ v. STATE. (No. 5196.)

(Court of Criminal Appeals of Texas. June 4, 1919.)

BAIL &⚬⚬64—APPEAL — SUFFICIENCY OF RECOGNIZANCE.

An appeal in a felony case will be dismissed where the recognizance neither binds appellant to abide by the decision of the Court of Criminal Appeals, nor shows the court in which the accused was tried, nor follows the form prescribed by Code Cr. Proc. 1911, art. 903.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Arnoldo Lopez was convicted of a felony, and he appeals. Appeal dismissed.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J. This is an appeal from a felony conviction in the district court of the Thirty-Fourth district of El Paso county.

The Assistant Attorney General has filed a motion to dismiss the appeal because of a defective recognizance. The recognizance does not bind the appellant to abide by the decision of the Court of Criminal Appeals of Texas. Lindsey v. State, 59 Tex. Cr. R. 273, 128 S. W. 386. Nor does the same show the court in which the accused was tried. Hughes v. State, 62 Tex. Cr., R. 288, 136 S. W. 1068. Nor does said recognizance follow the form prescribed by our statutes. See article 903, C. C. P.; Black v. State, 68 Tex. Cr. R. 151, 151 S. W. 1053.

The motion of the Assistant Attorney General will be sustained, and the appeal dismissed.

(85 Tex. Cr. R. 394)

STANDIFER v. STATE. (No. 5370.)

(Court of Criminal Appeals of Texas. June 4, 1919.)

1. HOMICIDE &⚬⚬194 — SELF-DEFENSE — UNCOMMUNICATED INTENTION OF PERSON KILLED.

Where defendant prosecuted for murder pleaded self-defense and claimed that deceased had come to the place in question to carry out a threat to kill defendant before sundown, testimony of the wife of deceased, explaining her husband's presence by detailing his intention, undisclosed to defendant, to meet witness at that place for the purpose of accompanying her home, was inadmissible.

2. HOMICIDE &⚬⚬116(2)—SELF-DEFENSE—APPARENT DANGER.

The law of self-defense requires that the jury should view the matter of apparent danger from the standpoint of the accused.

Appeal from District Court, Milam County; John Watson, Judge.

Fount Standifer was convicted of manslaughter, and he appeals. Reversed and remanded.

R. Lyles, of Cameron, for appellant.
E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. Under an indictment for murder appellant was convicted of manslaughter.

He shot and killed Ben Johnson. Both parties were negroes. The homicide took place in the village of Gause. The difficulty began on a gallery in front of a restaurant kept by a negro named Perry. The adjoining house belonged to Mrs. Rhodes. It had been occupied by deceased and used for a restaurant, but a short time before the homicide she had leased it to appellant, who intended to use it for a like purpose. There is evidence that the deceased was opposed to the use of the premises by the appellant, and that he had on several occasions expressed his intention to kill the appellant in the event he did occupy Mrs. Rhodes' premises, some of these threats having been made in the presence of appellant, and others communicated to him. One witness testified that a very short time before the homicide he met deceased, who told witness that he had been mistreated; and that he was going to kill the appellant before sundown; that later he met the appellant and communicated to him this fact, and advised him not to go about the premises. Appellant testified that he had refrained from opening the restaurant in the building that he had rented from Mrs. Rhodes on advice from her, awaiting the departure of the deceased and fearing injury from him; that he had put some property belonging to his uncle

---